BROWN GAVALAS & FROMM LLP
Attorneys for Movant
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, NY 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re: Motion to Quash Subpoena issued to
American Steamship Owners Mutual
Protection and Indemnity Association
dated December 17, 2018.

-----------------------------------------------------------X

No.: 18-mc-__

**MISC 18-3457**

**MATSUMOTO, J.**

**MEMORANDUM OF LAW IN
SUPPORT OF AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.'S
<u>MOTION TO QUASH SUBPOENA *DUCES TECUM*</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

    A.  Supplemental Admiralty Rule B Attachment ....................................................... 1

    B.  The American Club ............................................................................................... 4

    C.  The Subpoena ....................................................................................................... 5

ARGUMENT .................................................................................................................... 6

POINT I
THE SUBPOENA SHOULD BE QUASHED AS PACIFIC WAS
NOT AUTHORIZED TO ISSUE THE SUBPOENA ...................................................... 6

POINT II
THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS
UNDULEY BURDENSOME AND EXCEEDINGLY OVERBOARD ........................... 8

POINT III
THE SUBPOENA SHOULD BE QUASHED BECAUSE IT FAILS TO
ALLOW A REASONABLE TIME TO COMPLY ........................................................ 10

POINT IV
THE SUBPOENA SHOULD BE QUASHED AS TO THE DOCUMENTS
THAT ARE PRIVILIGED AND CONFIDENTIAL ...................................................... 11

CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Am. Special Risk Ins. Co. v. Greyhound Dial Corp.*,
   1995 U.S. Dist. LEXIS 10387 (S.D.N.Y. 1995) ................................................. 12

*Calabro v. Stone*,
   225 F.R.D. 96 (E.D.N.Y. 2004) ........................................................................ 11

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ......................................................................... 9

*Grigsby & Assocs. v. Rice Derivative Holdings, L.P.*,
   No. 00 Civ. 5056 (RO), 2001 U.S. Dist. LEXIS 16112, at *11
   (S.D.N.Y. Sept. 21, 2001) ................................................................................ 9

*In re Auto-Guadeloupe Investissement S.A.*,
   2012 U.S. Dist. LEXIS 147379, at *13 (S.D.N.Y. 2012) .................................. 8

*In re Biovail Corp. Secs. Litig.*,
   247 F.R.D. 72 (S.D.N.Y. 2007) ......................................................................... 8

*Kandel v. Tocher*,
   22 A.D. 2d 513 (1964) ...................................................................................... 11

*Koramblyum v. Medvedovsky*,
   7 Misc. 3d 1009(A) (N.Y. Sup. Ct. 2005) ........................................................ 12

*Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*,
   5 F.3d 1508 (D.C. Cir. 1993) ............................................................................ 11

*Nisselson v. DeWitt Stern Group, Inc. (In re Ufg Int'l)*,
   225 B.R. 51 (S.D.N.Y. 1998) ............................................................................ 12

*Silva v. Basin Western, Inc.*,
   47 P.3d 1184 (Colo. 2002) ................................................................................ 12

*Sundance Cruises Corp. v. Am. Bureau of Shipping*,
   No. 87 Civ. 0819 (WK), 1992 U.S. Dist. LEXIS 3759, at *2-3
   (S.D.N.Y. Mar. 30, 1992) ................................................................................. 12

*Weitzman v. Blazing Pedals, Inc.*,
   151 F.R.D. 125 (D. Colo. 1993) ....................................................................... 11

**Statutes**

Federal Rule of Civil Procedure 26(d)(1) ................................................................... 6

Federal Rule of Civil Procedure 26(f) ......................................................................... 6

Federal Rule of Civil Procedure 45(d)(3)(A)(i) ........................................................ 10

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) ....................................................... 9

**Other Authorities**

9A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE
§ 2463.1 at 520 (3d ed. 2008) ................................................................................... 10

## PRELIMINARY STATEMENT

Movant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), respectfully submits this memorandum of law in support of its motion to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 17, 2018, (the "Subpoena") issued by Pacific Gulf Shipping Co. ("Pacific") pursuant to Rule 45(d) of the Federal Rules of Civil Procedure on the grounds that the Subpoena was not authorized by the United States District Court for the District of Oregon in the Supplemental Admiralty Rule B Attachment proceeding from which it was issued, is unduly burdensome, is impermissibly overbroad, fails to allow a reasonable time to comply, and seeks privileged and confidential documents and communications.

## FACTUAL BACKGROUND

### A.  Supplemental Admiralty Rule B Attachment

On December 3, 2018, Pacific filed a Verified Complaint for Attachment of Vessel (In Admiralty) in the United States District Court for the District of Oregon in connection with the vessel VIGOROUS (the "Attachment Complaint") in the action entitled *Pacific Gulf Shipping Co. v. Adamastos Shipping & Trading S.A., et al.*, Civil Action No. 3:18-cv-02076-MO. [Fromm Decl. ¶ 3, Ex. B][1] The Complaint alleges that on April 7, 2017, a final arbitration award was issued against Adamastos Shipping & Trading S.A. ("Adamatos Shipping") and in favor of Pacific for breach of a charter party agreement involving the vessel ADAMATOS. [*Id.*] The Complaint alleges that four companies are liable to it to satisfy a 2017 arbitration award:

---

[1] Submitted herewith in support of the American Club's Motion to Quash Subpoena *Duces Tecum* are the Declaration of David H. Fromm dated December 27, 2018 ("Fromm Decl.") with exhibits and the Declaration of Donald R. Moore, dated December 26, 2018 ("Moore Decl.") with exhibit.

1

Adamastos Shipping, Blue Wall Shipping Limited ("Blue Wall"), Phoenix Shipping & Trading S.A. ("Phoenix"), and Vigorous Shipping & Trading S.A. ("Vigorous Shipping"). [*Id.*] The Complaint sets forth two Counts with respect to the application for attachment under Supplemental Admiralty Rule B, which are: (i) Recognition and Enforcement of the Arbitration Award under the New York Convention and (ii) Alter-Ego Liability. [*Id.*]

On December 3, 2018, the United States District Court for the District of Oregon issued an *ex parte* Order of Attachment for the M/V VIGOROUS, which was served on the M/V VIGOROUS shortly afterwards. [Fromm Decl. ¶ 4, Ex. C] As a result, the M/V VOGOROUS was arrested and detained in the Port of Longview and currently remains under arrest. On December 10, 2018, Vigorous Shipping, as owner of the attached vessel, filed a Motion to Vacate the Order Authorizing Issuance of Process of Maritime Attachment and Garnishment that was issued for the M/V VIGOROUS. [Fromm Decl. ¶ 5, Ex. D] On December 12, 2018, the United States District Court for the District of Oregon heard oral argument on the Motion to Vacate and determined that the Motion to Vacate "will be taken under advisement pending further briefing." [Fromm Decl. ¶ 6, Ex. E at p. 5 (Dkt. # 36)]

On December 13, 2018, Pacific filed "Plaintiff's Discovery Plan Proposal." [Fromm Decl. ¶ 7, Ex. F] In its proposed discovery plan, Pacific proposed that it would serve Requests for Production of Documents and First Set of Interrogatories by December 14, 2018 and that the depositions of George Gourdomichalis, Efstahios Gourdomichalis and corporate representatives of Vigorous Shipping, Phoenix and Blue Wall would proceed in Greece during the week of January 7-11, 2019. [*Id.* at pp. 1-2] Plaintiff also proposed that it "serve subpoena(s) on the insurance underwriters who hold entry for the M/V ADAMASTOS and the M/V VIGOROUS on or before Monday December 17, 2018." [*Id.* at p. 2, # 4]

On December 14, 2018, Vigorous Shipping filed its "Response to Plaintiff's Discovery Plan Proposal." [Fromm Decl. ¶ 8, Ex. G] In its response, Vigorous Shipping specifically objected to "Plaintiff's request to issue subpoenas for documents to nonparty insurers as overly broad, unduly burdensome, as well as exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure." [*Id.* at p. 2] In addition, Vigorous Shipping requested that the Court reject Plaintiff's proposed plan and limit discovery in this matter to Vigorous Shipping responding to Pacific's Requests for Production of Documents and First Set of Interrogatories and producing "a very large amount of documents responsive to Plaintiff's requests" pursuant to a protective order. [*Id.* at pp. 3-4] Vigorous Shipping further requested that discovery be limited to it presenting George Gourdomichalis and Stathis Gourdomichalis for depositions on December 20, 2018 or December 22, 2018, in Athens, Greece. [*Id.*]

On December 17, 2018, the Court issued an Order in connection with Pacific's Discovery Plan Proposal, which only authorized limited, expedited discovery for: (i) the production of documents as proposed by Vigorous Shipping and (i) the depositions of George and Stathis Gourdomichalis in Athens, Greece on or before December 22, 2018 as proposed by Vigorous Shipping. [Fromm Decl. ¶ 6, Ex. E at pp. 5-6 (Dkt. # 41)] In particular, the Court stated that

> [a]s the protective order has been signed, Defendant is ordered to produce the documents references in its Exhibit 2 [38-2] and Plaintiff is ordered to hold the depositions of George and Stathis Gourdomichalis as discussed in Defendant's Response to Discovery 38 on or before 12/22/18. Following Defendant's production and Plaintiff's depositions, Plaintiff may submit a supplemental request for expedited discovery by 12/27/18 if necessary and the Court will rule immediately. [*Id.*]

Notably, the Court did not permit or authorize Pacific to serve any subpoenas on the insurance underwriters for which Pacific requested and to which Vigorous specifically objected. [*Id.*]

3

Rather, the Court stated that Pacific could submit a request for supplemental expedited discovery on December 27, 2018, after the completion of the authorized depositions. [*Id.*]

On December 18, 2018, Pacific filed an Emergency Motion to Extend the Deadline to Complete the Depositions of George and Stathis Gourdomichalis as set by the Court in its December 17, 2018 Order regarding Pacific's Discovery Plan Proposal. [Fromm Decl. ¶ 9, Ex. H] In support of its emergency application to extend the deadline to conduct the depositions, Pacific noted that it needed time to "obtain responsive materials from the vessels' underwriters American Steamship Owners Mutual Protection and Indemnity Association Inc." [*Id.* at p. 4] In opposing Pacific's emergency motion, Vigorous Shipping argued that "Plaintiff counsel's unauthorized issuance of a subpoena to Vigorous Shipping's insurers is similarly no excuse for delaying the depositions. This Court has ruled that the permitted discovery will be truly expedited and limited in scope. This Court's order of December 17, 2018, (ECF No. 41) defined the permissible scope of document discovery prior to the depositions, and issuance of subpoenas for documents to nonparties was not included within that scope." [Fromm Decl. ¶ 10, Ex. I at p. 5] Tellingly, the District of Oregon denied Pacific's Emergency Motion to Extend the Deadline to Complete the Depositions of George and Stathis Gourdomichalis.[2] [Fromm Decl. ¶ 6, Ex. E at p. 6 (Dkt. # 54)]

## B. The American Club

The American Club is a not-for-profit mutual protection and indemnity insurance association that provides marine insurance to its vessel-owner and vessel-charterer members. [Moore Decl. ¶ 4] The American Club is incorporated under the laws of the State of New York, with its principal place of business at One Battery Park Plaza, 31st Floor, New York, New York.

---

[2] It is our understanding that the depositions of George and Stathis Gourdomichalis were conducted in Athens, Greece on December 20 and 21, 2018.

4

SCB, the American Club's manager, also has its principal place of business at the same address. [*Id.*]

The American Club is composed of "members" who operate as both the insurers and the insureds. [Moore Decl. ¶ 5] The American Club's members collectively agree to mutually indemnify each other regarding certain third-party liabilities arising from their ownership and/or operation of insured vessels. [*Id.*] In order to fund these indemnities, the American Club members pay premiums and assessments as necessary and/or as determined and approved by its Board of Directors. [*Id.*]

### C. The Subpoena

On December 17, 2018, the American Club was served with the Subpoena in connection with the Pacific's Attachment Complaint calling for the production of documents on December 31, 2018. [Moore Decl. ¶¶ 2, 7, Ex. A] The Subpoena seeks "any and all documents, materials, and items" from the American Club relating to the M/V ADAMASTOS and the M/V VIGOROUS covering a 5-year time period from January 1, 2014 to the present. [Moore Decl. ¶ 8, Ex. A] The M/V ADAMASTOS was entered as an insured vessel with the American Club for the 2012/13, 2013/14 and 2014/15 policy years, while the M/V VIGOROUS has been entered as an insured vessel with the American Club for the 2014/15, 2015/16, 2016/17, 2017/18 and 2018/19 policy years. [Moore Decl. ¶¶ 9-10]

The American Club possesses numerous claims files and thousands of documents relating to these two vessels. [Moore Decl. ¶ 11] These documents are located at American Club's offices in 4 countries and 5 cities: Greece, Shanghai, Houston, London and New York. [*Id.*] Some of the claim files contain correspondence from attorneys that provided legal advice concerning the claim and/or defense of the claim as well as documents from Shipowners Claims

5

Bureau, Inc. ("SCB"), the managers for the American Club, the American Club and others related to the investigation of the claim. [Moore Decl. ¶¶ 1, 12] In addition, the documents being sought by Pacific contain privileged and confidential information. [Moore Decl. ¶ 11]

As set forth below, since Pacific has no authority to issue the Subpoena, the American Club's motion to quash should be granted. Additionally, as set forth below, the Subpoena should be quashed because it is unduly burdensome and overbroad, does not afford the American Club a reasonable amount of time to produce the documents and seeks confidential and privileged documents.

## ARGUMENT

### POINT I

### THE SUBPOENA SHOULD BE QUASHED AS PACIFIC WAS NOT AUTHORIZED TO ISSUE THE SUBPOENA

Under Federal Rule of Civil Procedure 26(d)(1), a party is precluded from seeking discovery from any source prior to a Rule 26(f) conference. It is undeniable that the parties have not held a Rule 26(f) conference in the Supplemental Admiralty Rule B Attachment proceeding from which the Subpoena was issued. The Federal Rules of Civil Procedure also provide that a party may engage in discovery before the Rule 26(f) conference if authorized by a court order. Fed. R. Civ. P. 26(d)(1). Here, the District of Oregon has permitted limited, expedited discovery to be conducted, but has not authorized Pacific to serve the Subpoena on the American Club.

In particular, in its proposed discovery plan filed with the District of Oregon, Pacific specifically proposed and requested that it be permitted to "serve subpoena(s) on the insurance underwriters who hold entry for the M/V ADAMASTOS and the M/V VIGOROUS." [Fromm Decl. ¶ 7, Ex. F at p. 2, # 4] In its response to the proposed discovery plan, Vigorous Shipping

6

specifically objected to Pacific's "request to issue subpoenas for documents to nonparty insurers as overly broad, unduly burdensome, as well as exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure." [Fromm Decl. ¶ 8, Ex. G at p. 2] In addition, Vigorous Shipping specifically requested that the Court reject Plaintiff's proposed plan and limit discovery in this matter to Vigorous Shipping responding to Pacific's Requests for Production of Documents and First Set of Interrogatories and producing "a very large amount of documents responsive to Plaintiff's requests" pursuant to a protective order as well as the depositions of George and Stathis Gourdomichalis being conducted in Athens, Greece on December 20, 2018 or December 22, 2018, in Athens, Greece. [*Id.* at pp. 3-4]

In addressing Pacific's proposed discovery plan, the District of Oregon issued an Order that provided for very limited and expedited discovery that closely tracked the discovery plan requested by Vigorous Shipping and not the discovery plan proposed by Pacific. [Fromm Decl. ¶ 6, Ex. E at pp. 5-6 (Dkt. # 41)] Specifically, the Court ordered Vigorous Shipping to produce the documents that it had indicated it would produce pursuant to a protective order and that Pacific was to conduct the depositions of George and Stathis Gourdomichalis on or before December 22, 2018, as requested by Vigorous Shipping, and not during the week of January 7-11, 2019, as requested by Pacific. [*Id.*] Moreover, the Court did not permit or authorize Pacific to serve any subpoenas on insurance underwriters for which Pacific specifically requested and Vigorous Shipping had objected. [*Id.*]

In response to the Court's December 17, 2018 Order permitting extremely limited and expedited discovery, Pacific filed an emergency motion to extend the deadline to conduct depositions. [Fromm Decl. ¶ 9, Ex. H] In support of its emergency motion, Pacific argued that it required additional time to obtain the documents that it has subpoenaed from the American Club.

7

[*Id.* at p. 4] Vigorous Shipping opposed Pacific's emergency motion noting that "Plaintiff counsel's unauthorized issuance of a subpoena to Vigorous Shipping's insurers is similarly no excuse for delaying the depositions" and that the "Court's order of December 17, 2018, (ECF No. 41) defined the permissible scope of document discovery prior to the depositions, and issuance of subpoenas for documents to nonparties was not included within that scope." [Fromm Decl. ¶ 10, Ex. I at p. 5] Tellingly, the District of Oregon denied Pacific's emergency motion. [Fromm Decl. ¶ 6, Ex. E at p. 6 (Dkt. # 54)]

As a result, inasmuch as Pacific did not have any authority to issue the Subpoena, the Subpoena should be quashed.

## POINT II

### THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS UNDULEY BURDENSOME AND <u>EXCEEDINGLY OVERBROAD</u>

Under Federal Rule of Civil Procedure 45, a party may obtain discovery of relevant material from a non-party "to the extent that it does not cause any 'undue burden or expense.'" *In re Auto-Guadeloupe Investissement S.A.*, 2012 U.S. Dist. LEXIS 147379, at *13 (S.D.N.Y. 2012). Courts are especially sensitive to the burden imposed by discovery directed to non-parties, such as the American Club. *See In re Biovail Corp. Secs. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) ("where, as here, [discovery] is sought from third parties, the Court must weigh the probative value of the information against the burden of production on said non-parties"). Moreover, the requesting party bears the burden of showing that the documents sought are relevant before production can be ordered. *In re Auto-Guadeloupe Investissement S.A.*, 2012 U.S. Dist. LEXIS 147379, at *13.

As noted above, the Subpoena seeks <u>all</u> documents, <u>all</u> materials, <u>all</u> items, <u>all</u> records, <u>all</u>

8

records, <u>all</u> correspondence, <u>all</u> communications from the American Club relating to the vessel M/V ADAMASTOS and the vessel M/V VIGOROUS from "January 1, 2014 to the present" - a period of 5 years. [Fromm Decl. Ex A; Moore Decl. Ex. A] It is clear that such a broadly sweeping subpoena is overbroad and should be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iv); *see Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) (granting motion to quash overbroad and unduly burdensome subpoena); *Grigsby & Assocs. v. Rice Derivative Holdings, L.P.*, No. 00 Civ. 5056 (RO), 2001 U.S. Dist. LEXIS 16112, at *11 (S.D.N.Y. Sept. 21, 2001) (granting motion to quash non-party subpoena containing "non-specific, overbroad production requests"). Indeed, there is no valid reason why "all" of these documents have any relevancy to the dispute between Pacific and Adamatos.

Moreover, it is unduly burdensome for the American Club to retrieve and review all of the claim files from Greece, Shanghai, Houston, London and New York as well as the additional documents requested in the Subpoena and then produce any and all non-privileged documents within the 14 day time frame provided by the Subpoena especially in light of Christmas and New Year's holidays. [Moore Decl. ¶ 13]

Additionally, most of the claim files are completely unrelated to allegations in Pacific's Complaint. For example, one of the claim files involving the M/V ADAMASTOS involves a crew member who died of a heart attack onboard the vessel in 2013, with the claim continuing into 2014. [Moore Decl. ¶ 14] Further examples of the overly broad and unduly burdensome nature of the Subpoena are that one of the claim files involves a survey of steel cargo in 2014, while another relates to the illness of a crew member of the M/V VIGOROUS, who contracted malaria in 2017. [Moore Decl. ¶ 15] Accordingly, many of the claim files requested by Pacific,

9

which are located throughout the world in 4 countries and 5 different cities, are clearly unrelated and not relevant to the allegations of Pacific's Complaint. [Moore Decl. ¶¶ 11, 13-15]

As a result, the Subpoena should be quashed as it is overbroad and unduly burdensome.

### POINT III

### THE SUBPOENA SHOULD BE QUASHED BECAUSE IT FAILS TO ALLOW A REASONABLE TIME TO COMPLY

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), a court must quash or modify a subpoena that "fails to allow a reasonable time to comply[.]" Although the rule does not define reasonable time for compliance, "reasonableness seems to be related to the extent of the materials requested and the other underlying circumstances of the particular case." 9A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2463.1 at 520 (3d ed. 2008). Here, the Subpoena was served on the American Club on December 17, 2018, and calls for the production of "any and all documents, materials, and items" from the American Club relating to the M/V ADAMASTOS and the M/V VIGOROUS on December 31, 2018. [Moore Decl. ¶¶ 7-8, Ex. A] The American Club possesses numerous claims files and thousands of documents relating to these two vessels. [Moore Decl. ¶ 11] These documents are located at the American Club's offices in four countries and five cities: Greece, Shanghai, Houston, London and New York. [*Id.*] In addition, there is privileged and confidential information in the documents as many are insurance claim files which contain correspondence from attorneys that provided legal advice concerning the claim and/or defense of the claim as well as documents from SCB, the American Club and others related to the investigation of the claim. [Moore Decl. ¶ 12]

The Subpoena, however, only provides for 14 days in which to make production of documents that are located all over the world. Moreover, 5 of the 14 days are weekend days and

10

holidays and 2 of the remaining 9 days are Christmas Eve and New Year's Eve. [Moore Decl. ¶ 13] Clearly, the Subpoena does not provide a reasonable period of time to comply.

As a result, the Subpoena should be quashed.

### POINT IV

### THE SUBPOENA SHOULD BE QUASHED AS TO THE DOCUMENTS THAT ARE PRIVILIGED AND CONFIDENTIAL

The Subpoena also seeks numerous American Club insurance claim files, which contain correspondence from attorneys that provided legal advice concerning the claim and/or defense of the claim as well as documents from SCB, the American Club and others related to the investigation of the claim. [Moore Decl. ¶ 12] An insurer's claim files will be protected from discovery by a third party where they contain documents that are created in anticipation of litigation or involve attorney-client communications. *See Weitzman v. Blazing Pedals, Inc.*, 151 F.R.D. 125, 126 (D. Colo. 1993) (citing *Kandel v. Tocher*, 22 A.D. 2d 513 (1964)) (holding that "[insurer's claim] files generated during the investigation of third party claims are made in anticipation of litigation and are not discoverable").

Although courts do not recognize a per se insurer-insured privilege, communications between an insurer and its insured regarding legal matters will be privileged when they are created in anticipation of litigation or are attorney-client communications: "where the insured communicates with the insurer for the express purpose of seeking legal advice with respect to a concrete claim, or for the purpose of aiding an insurer-provided attorney in preparing a specific legal case, the law would exalt form over substance if it were to deny application of the attorney-client privilege." *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1515 (D.C. Cir. 1993); *see also Calabro v. Stone*, 225 F.R.D. 96, 98 (E.D.N.Y. 2004); *Am. Special Risk Ins. Co. v. Greyhound Dial Corp.*, 1995 U.S. Dist. LEXIS 10387

11

(S.D.N.Y. 1995); *Koramblyum v. Medvedovsky*, 7 Misc. 3d 1009(A) (N.Y. Sup. Ct. 2005).

Here, as noted above, many of the documents requested from the American Club pursuant to the Subpoena are contained in the claim files and are attorney-client communications involving attorneys or are documents provided to assist these legal professionals in providing legal services and advice. [Moore Decl. ¶ 12] Thus, these documents are privileged and protected from production. Moreover, some of the documents requested contain insurance reserves and premium information. Insurance reserves are privileged information and precluded from discovery, as reserve figures are work product created in anticipation of litigation. *See Sundance Cruises Corp. v. Am. Bureau of Shipping*, No. 87 Civ. 0819 (WK), 1992 U.S. Dist. LEXIS 3759, at *2-3 (S.D.N.Y. Mar. 30, 1992); *Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1193 (Colo. 2002) (reserve information not discoverable in action by third party). Likewise, premium information is confidential. *See Nisselson v. DeWitt Stern Group, Inc. (In re Ufg Int'l)*, 225 B.R. 51, 57 (S.D.N.Y. 1998).

Accordingly, the Subpoena should be quashed as it seeks privileged and confidential information.

## CONCLUSION

For the foregoing reasons, the American Club's motion to quash Pacific's Subpoena should be granted in its entirety, and the Court should grant the American Club such further and different relief as is just and proper.

Dated: New York, New York
       December 28, 2018

>BROWN GAVALAS & FROMM LLP
>Attorneys for Movant
>AMERICAN STEAMSHIP OWNERS
>MUTUAL PROTECTION AND
>INDEMNITY ASSOCIATION, INC.
>
>_____
>David H. Fromm (DF-9334)
>Michael P. Naughton (MN-6870)
>555 Fifth Avenue
>New York, New York 10017
>Tel: (212) 983-8500
>Fax: (212) 983-5946