DEC 28 2018

BROWN GAVALAS & FROMM LLP
Attorneys for Movant
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, NY 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re: Motion to Quash Subpoena issued to
American Steamship Owners Mutual
Protection and Indemnity Association
dated December 17, 2018.

------------------------------------------------------------X

No.: 18-mc-__

MISC 18-3457

MATSUMOTO, J.

## DECLARATION OF DONALD R. MOORE

DONALD R. MOORE hereby states and declares as follows:

1. I am Senior Vice President and Global Claims Director for Shipowners Claims Bureau, Inc. ("SCB"), Managers for Movant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club").

2. I make this declaration in support of the American Club's motion to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 17, 2018, (the "Subpoena") issued on behalf of Plaintiff Pacific Gulf Shipping Co. ("Pacific"). A copy of the Subpoena is attached hereto as Exhibit A.

3. The statements made herein are based upon my personal knowledge and my review of files maintained by SCB and the American Club.

**The American Club**

4. The American Club is a not-for-profit mutual protection and indemnity insurance association that provides marine insurance to its vessel-owner and vessel-charterer members. The American Club is incorporated under the laws of the State of New York, with its principal place of business at One Battery Park Plaza, 31st Floor, New York, New York. SCB, the American Club's manager, also has its principal place of business at the same address.

5. The American Club is composed of "members" who operate as both the insurers and the insureds. The American Club's members collectively agree to mutually indemnify each other regarding certain third-party liabilities arising from their ownership and/or operation of insured vessels. In order to fund these indemnities, the American Club members pay premiums and assessments as necessary and/or as determined and approved by the American Club's Board of Directors.

**The M/V ADAMASTOS and M/V VIGOROUS**

6. On information and belief, on December 3, 2018, Pacific filed a Verified Complaint for Attachment of Vessel (In Admiralty) in the United States District Court for the District of Oregon in connection with the vessel VIGOROUS (the "Complaint") in the action entitled *Pacific Gulf Shipping Co. v. Adamastos Shipping & Trading S.A., et al.*, Civil Action No. 3:18-cv-02076-MO. The Complaint sets forth two Counts with respect to Pacific's application for attachment under Supplemental Admiralty Rule B, which are: (i) Recognition and Enforcement of the Arbitration Award under the New York Convention and (ii) Alter-Ego Liability.

7. On December 17, 2018, the American Club was served with the Subpoena in connection with the Complaint calling for the production of documents on December 31, 2018.

8. The Subpoena seeks "any and all documents, materials, and items" from the American Club relating to the vessel M/V ADAMASTOS and the vessel M/V VIGOROUS covering a 5 year time period from January 1, 2014 to the present.

9. The vessel M/V ADAMASTOS was entered as an insured vessel with the American Club for the 2012/13, 2013/14 and 2014/15 policy years.

10. The vessel M/V VIGOROUS has been entered as an insured vessel with the American Club for the 2014/15, 2015/16, 2016/17, 2017/18 and 2018/19 policy years.

11. The American Club possesses numerous claims files and thousands of documents relating to these two vessels. These documents are located at the American Club's offices in four countries and five cities: Greece, Shanghai, Houston, London and New York.

12. It is my understanding that some of the claim files contain correspondence from attorneys that provided legal advice concerning the claim and/or defense of the claim as well as documents from SCB, the American Club and others related to the investigation of the claim. It is also my understanding that the documents being sought by Pacific contain privileged and confidential information.

13. It will be unduly burdensome for the American Club to retrieve and review all of these claim files from Greece, Shanghai, Houston, London and New York as well as the additional documents requested in the Subpoena and then produce any and all non-privileged documents within the fourteen day time frame provided by the Subpoena especially in light of the fact that five of the fourteen days are weekend days and holidays and two of the remaining nine days are Christmas Eve and New Year's Eve.

14. In addition, the Subpoena is overly broad as most of the claim files are unrelated to allegations in Pacific's Complaint. For example, one of the claim files involving the M/V

ADAMASTOS involves a crew member who died of a heart attack onboard the vessel in 2013, with the claim continuing into 2014.

15.  Further examples of the overly broad and unduly burdensome nature of the Subpoena are that one of the claim files involves a survey of steel cargo in 2014, while another relates to the illness of a crew member of the M/V VIGOROUS, who contracted malaria in 2017. These claim files are clearly unrelated to the allegations of Pacific's Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 26, 2018

_____
DONALD R. MOORE

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | | |
|---|---|---|
| Pacific Gulf Shipping Co., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-02076-MO |
| Adamastos Shipping & Trading S.A., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Steamship Owners Mutual Protection and Indemnity Association Inc.
c/o Shipowners Claims Bureau Inc.
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: Chalos & Co, P.C. | Date and Time: |
|---|---|
| 55 Hamilton Avenue, Oyster Bay, NY 11771 | |
| gmc@chaloslaw.com; bsparkman@chaloslaw.com | 12/31/2018 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2018

*CLERK OF COURT*

OR _____, Admitted Pro Hac Vice
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Pacific Gulf Shipping Co.___, who issues or requests this subpoena, are:

Briton P. Sparkman, 55 Hamilton Avenue, Oyster Bay, NY 11771, 516-714-4300, bsparkman@chaloslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-02076-MO

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ for travel and $ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEUDLE A

### I. DEFINITIONS AND INSTRUCTIONS

1. Unless the context of a particular request indicates otherwise, the relevant time period to which each request refers is January 1, 2014 to the present.

2. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. Document. The term "document" is defined to by synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and Fed. R. Civ. P. 45. A draft or non-identical copy is a separate document within the meaning of this term. "Documents," "documentation," and "communications" include, but are not limited to, the following items within the possession, custody, or control of Plaintiff or known by Plaintiff to exist, whether such items are typed, printed, drawn, sketched, photographed, recorded, or written by hand:

   Contracts; correspondence; telegrams; memoranda; statements; records; reports; books; summaries and/or records of conversations; summaries and/or records of personal conversations; diaries; forecasts; orders; bills; invoices; checks; statistical statements; books or accounts; studies; graphs; charts; work papers; indices; data sheets; data processing cards; analytical records; minutes and/or records of meetings and conferences; reports and/or summaries of entries; reports and/or opinions of consultants; appraisals; records; reports and/or summaries of negotiations; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; notes; projections; working papers; photographs; drawings; tape recordings; and all other written, printed, recorded, or graphic matter, photographic matter, or other matter, however produced or reproduced.

4. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

   A. "Plaintiff" shall mean and refer to Plaintiff, Pacific Gulf Shipping Co., and includes their agents, representatives, attorneys, and/or anyone else acting on its behalf.

  B. "Defendants" shall mean and refer to Defendants, Vigorous Shipping, Blue Wall, Phoenix, and Adamastos Shipping (referred to collectively hereafter as "Defendants"), and includes their officers, directors, employees, agents, servants, representatives, and all other individuals acting on their behalf.

5. The terms "individual" or "individuals" and "person" or "persons" shall mean each and every individual, corporation, partnership, association, joint venture, firm, group, cooperative, governmental department, and agency (federal, state, or local), division, subsidiary, social or political organization, or any other entity cognizable at law, whether real or juridical or incorporated or unincorporated.

6. When used with respect to an object or other physical thing, "identify" or "identity" shall mean to give (a) a description, including such characteristics as dimensions, weight, color, and construction material(s); (b) the identity of the manufacturer, builder, or creator; (c) the date of the manufacture, building or creation; and (d) the present location.

7. The term "account" includes any bank account, escrow account, brokerage account, checking account, investment account, money market account, securities account, or any other type of account maintained by and through You or any of Your affiliates, subsidiaries, or related companies.

8. The term "You" or "Your" means American Steamship Owners Mutual Protection and Indemnity Association Inc. (*i.e.* The American Club), Shipowners Claims Bureau Inc., and or your representatives, managers, employees, lawyers, agents, and/or any other person acting for and on your behalf.

9. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and *vice versa*.

13. The term "anyone acting on your behalf" includes, but is not limited to, your attorneys, investigators, and/or representatives whether hired or appointed by you.

14. If you contend that any document that would otherwise have been produced may be withheld on grounds that it is privileged under the attorney/client privilege, the work product doctrine, or any other basis, then each such document shall be fully identified in writing by stating those persons having knowledge of any facts related to the claim of privilege and all events, transactions, or occurrences related to the claim of privilege, except that the substance need not be described to the extent that it is privileged.

15. "Possession, custody, or control" includes the joint or several possession, custody, or control, not only by the person to whom these requests for production are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act on behalf of such person, whether as attorney, accountant, or otherwise.

16. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:
    A. the type of document;
    B. its date;
    C. the date or approximate date it was lost, discarded or destroyed;
    D. the circumstances and manner in which it was lost, discarded or destroyed;
    E. the reason or reasons for disposing of the document (if discarded or destroyed);
    F. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
    G. the identity of the person(s) who lost, discarded or destroyed the document; and
    H. the identity of all persons having knowledge of the contents thereof.

## II. DOCUMENTS TO BE PRODUCED

1. Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.

2. All billing records You issued with respect the Certificates of Entry for the M/V ADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders;

3. All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.

4. Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:

   A) The entry of the M/V ADAMASTOS;

   B) Payments of the annual premiums for the M/V ADAMASTOS;

   C) Claims submitted on behalf of the M/V ADAMASTOS;

   D) Denial of any claims submitted on behalf of the M/V ADAMASTOS by The American Club;

   E) The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.

5. The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January 1, 2013 to present.

4

6. Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.

7. All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders;

8. All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.

9. Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:

A) The entry of the M/V VIGOROUS;

B) Payments of the annual premiums for the M/V VIGOROUS;

C) Claims submitted on behalf of the M/V VIGOROUS;

D) Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;

10. The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.

11. Any and all documents, materials, and items which shows the board members for The American Club for the years 2014, 2015, 2016, 2017, and 2018.