Chalos & Co, P.C.
International Law Firm

55 Hamilton Avenue, Oyster Bay, New York 11771
TEL: +1-516-714-4300 • FAX: +1-516-750-9051 • WEB: www.chaloslaw.com • EMAIL: info@chaloslaw.com

**January 9, 2019**

VIA ECF

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 324N
Brooklyn, New York 11201

Re: American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Pacific Gulf Shipping Co.
In re Motion to Quash Subpoena Issued to American Steamship Owners Mutual Protection and Indemnity Association, Inc. dated December 17, 2018.
MISC 18-3457

Dear Magistrate Bulsara -

    We are counsel for the Respondent Pacific Gulf Shipping Co. ("Pacific Gulf") in the above referenced matter and are in receipt of the Petitioner's Motion to Adjourn the January 16, 2019 hearing on the Motion to Quash Subpoena. Pacific Gulf does not consent to requested adjournment and opposes the request for continuance to January 23, 2019. As more fully set forth in Pacific Gulf's Response in Opposition to Motion to Quash Subpoena Duces Tecum and Cross-Motion to Compel Responses, the discovery sought pursuant to the Rule 45 subpoena is in aid of Pacific Gulf's Rule B attachment action pending in the District of Oregon. *Pacific Gulf Shipping Co. v. Adamastos Shipping & Trading S.A., et al.*, 3:18-cv-2076-MO (D. Ore. 2018).

    Pacific Gulf's action is based on robust and substantive alter-ego and successor corporation allegations which detail the series of shell corporations dominated and controlled by George Gourdomichalis and Stathis Gourdomichalis. Petitioner's request to adjourn the present hearing is based on nothing more than a self-serving belief that the District Court in Oregon is going to vacate the Rule B attachment. To the contrary, during the December 12, 2018 hearing before District Judge Mosman, he believed at that time that Pacific Gulf had established reasonable grounds to support the theory of alter-ego based on "***solid pieces of evidence, broadly defined, that point to the real possibility of a corporate structure that's more imaginary than real***." *See* Doc. 11, Sparkman Decl., at Exhibit 1. The District Court in Oregon granted Pacific Gulf leave to conduct expedited discovery and has never restricted Pacific Gulf from serving its subpoena on the American Club pursuant to Fed. R. Civ. P. Rule 45, despite objections from Vigorous Shipping & Trading S.A. *Id.*, at ¶¶ 10-13.

1



The present subpoena was issued and served properly under the Federal Rules of Civil Procedure and consistent with District Judge Mosman's directive to conduct discovery on an expedited basis. The District Court in Oregon granted Pacific Gulf leave to file a supplemental response to the Vigorous Shipping motion to vacate on or before January 15, 2019. Pacific Gulf fully expects to sustain the Rule B attachment and ultimately pierce the corporate veil. As part of that supplemental briefing, Pacific Gulf may include "any specific items it lacks to sufficiently brief on the merits. These specific items must be ones Plaintiff could obtain through emergency discovery." *See* Doc. 11, Sparkman Decl., Exhibit 2. Among other documents and materials, Pacific Gulf requires the responses to the subpoena from the American Club. Far from being a 'moot issue,'[1] the American Club's delay in responding to the subpoena will only serve to further delay the resolution of the attachment action in the District of Oregon. All the while, the M/V VIGOROUS (which is fully laden with a perishable cargo of wheat that is destined for war-torn Yemen) will remain in port. Sparkman Decl., ¶¶ 16-17.

Accordingly, Pacific Gulf respectfully requests that the Court maintain the presently scheduled hearing for January 16, 2019 at 4:30 pm and deny the American Club's motion to adjourn same. In advance, we thank the Court for its time and attention to this matter.

Respectfully submitted,

CHALOS & CO, P.C.

Briton P. Sparkman, Esq.

cc: Via ECF
*All Counsel of Record*

---

[1] Furthermore, there is no guarantee that the District Court in Oregon would even issue a decision before January 23, 2019, so it is respectfully requested that this Court hold the hearing as presently scheduled on January 16, 2019.

2