BROWN GAVALAS & FROMM LLP
Attorneys for Movant
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, NY 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re: Motion to Quash Subpoena issued to     MISC 18-3457
American Steamship Owners Mutual
Protection and Indemnity Association, Inc.
dated December 17, 2018.

--------------------------------------------------------X

**AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
<u>QUASH AND IN OPPOSITION TO RESPONDENT'S MOTION TO COMPEL</u>**

**PRELIMINARY STATEMENT**

Movant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), respectfully submits this reply memorandum of law in further support of its motion to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 17, 2018, (the "Subpoena") issued by respondent, Pacific Gulf Shipping Co. ("Pacific"), and in opposition to Pacific's motion to compel.

**POINT I**

**ISSUANCE OF THE SUBPOENA IS NOT AUTHORIZED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND WAS NOT AUTHORIZED BY THE COURT**

Pacific claims that the "subpoena was properly issued consistent with the Federal Rules of Civil Procedure." [Response in Opposition to Motion to Quash Subpoena Duces Tecum and in Support of Cross-Motion to Compel Response ("Pacific's Response") at p. 1; "Docket Entry" ("DE") 10] Tellingly, Pacific fails to cite to any Rule authorizing issuance of the Subpoena. As set forth in the Memorandum of Law in Support of American Club's Motion to Quash ("American Club Memorandum") at p. 6 [DE 1-2], it is undisputed that a Rule 26(f) conference has not been held in the underlying Supplemental Admiralty Rule B Attachment proceeding in the United States District Court of Oregon (the "Oregon Proceeding"). As a result, Pacific is precluded from obtaining discovery unless authorized by the Court. *See* Fed. R. Civ. Proc. 26(d)(1).

Additionally, it is abundantly clear that issuance of the Subpoena was not authorized by the Oregon District Court. Indeed, Pacific cannot point to any order of the Oregon District Court authorizing issuance of the Subpoena. Instead, Pacific attempts to obfuscate the fact that the Subpoena was not authorized by arguing that it requested leave to serve a subpoena on the

1

American Club and "[i]n turn, the Court ordered Pacific Gulf to proceed with discovery on an expedited basis." [Pacific's Response at p. 4] What Pacific ignores is the fact that the Oregon District Court did not grant Pacific's request for leave to serve a subpoena on the American Club. Instead, as set forth in the American Club's Memorandum of Law (pp. 6-7), Pacific submitted a proposed discovery plan in which it requested leave to serve document requests and interrogatories on defendant, Vigorous Shipping & Trading, S.A. ("Vigorous Shipping"), conduct several depositions and serve subpoenas on insurers of the M/V ADAMASTOS and M/V VIGOROUS. [Fromm Decl., Ex. F, DE 1-4] In response, Vigorous Shipping objected to issuance of subpoenas to the insurers on the grounds that the request was overly broad, unduly burdensome and outside the scope of permissible discovery. [*Id*. at p. 2] Significantly, the Oregon District Court did not authorize issuance of any subpoena to anyone, let alone, the American Club. Instead, the Oregon District Court allowed only limited discovery; the production of certain documents from Vigorous Shipping and the deposition of George and Stathis Gourdomichalis. [*Id*. at Ex. E at pp. 5-6, Oregon DE 41] Thus, it is clear that Pacific did not have authority to issue the Subpoena.

In response to the Oregon District Court's order permitting limited discovery, Pacific filed an emergency motion to extend the deadline to conduct depositions. [*Id*. at Ex. H] In support of its emergency motion, Pacific argued that it required additional time to obtain the documents that it had subpoenaed from the American Club. [*Id.* at p. 4] Vigorous Shipping opposed Pacific's emergency motion noting that "Plaintiff counsel's unauthorized issuance of a subpoena to Vigorous Shipping's insurers is similarly no excuse for delaying the depositions" and that the "Court's order of December 17, 2018, (ECF No. 41) defined the permissible scope of document discovery prior to the depositions, and issuance of subpoenas for documents to

nonparties was not included within that scope." [*Id* at Ex. I at p. 5]  Tellingly, the Oregon District Court denied Pacific's emergency motion.  [*Id*. at Ex. E at p. 6, Oregon DE 54]

Finally, it should be noted that the Oregon District Court, by Order dated January 4, 2019, directed Pacific to file a supplemental response to Vigorous Shipping's motion to vacate the attachment by January 15, 2019. [Ex. 2 of declaration of Briton P. Sparkman, Esq. dated January 9, 2019; DE 11-2]  The Court also stated that Pacific "may include in its briefing any specific items it lacks to sufficiently brief on the merits.  These specific items must be ones [Pacific] could obtain through emergency discovery." [*Id*.]  This Order further supports the fact that the Oregon District Court permitted only limited discovery and did not authorize issuance of the Subpoena.

Thus, it is abundantly clear that Pacific was not authorized to issue the Subpoena to the American Club and, therefore, it should be quashed.

**POINT II**

**THE SUBPOENA IS UNDULY BURDENSOME**
**AND EXCEEDINGLY OVERBROAD**

Pacific does not dispute the following:

> The Subpoena seeks "any and all documents, materials, and items" from the American Club relating to the vessels M/V ADAMASTOS and M/V VIGOROUS. [Moore Decl. at ¶ 8, DE 1-3]
>
> The Subpoena seeks "any and all" of these document for a period of 5 years, January 1, 2014 to the present. [*Id*. at Ex. A]
>
> The American Club possesses numerous claims files and thousands of documents relating to the M/V ADAMASTOS and M/V VIGOROUS. [*Id*. at ¶ 11]
>
> The documents relating to the M/V ADAMASTOS and M/V VIGOROUS are located in four countries and five cities: Greece, Shanghai, Houston, London and New York. [*Id*. at ¶ 11]
>
> The documents sought by the Subpoena contain privileged and confidential

3

information. [*Id*. at ¶ 12]

Although Pacific does not dispute that it is seeking "any and all" documents relating to the two vessels for a five-year period, which consists of thousands of documents in five countries, it argues, without any basis whatsoever, that these documents could be produced with "a few clicks of the proverbial mouse." [Pacific's Response at p. 6] This contention is simply not true. The American Club does not maintain a paperless office. The thousands of documents sought are primarily contained in paper files which need to be collected, shipped to New York and reviewed for privileged and confidential material before they can be produced. This is an extremely burdensome, time consuming and expensive task and while the American Club's Managers, Shipowners Claims Bureau, Inc., may be available to assist its members 24/7, it does not make the Subpoena any less burdensome.

Pacific also claims that the Subpoena is "specifically tailored for discoverable information," [*Id*.] but fails to demonstrate how it tailored the Subpoena. The reason for this abject failure is that the Subpoena is not tailored in any manner. The Subpoena seeks "any and all" documents related to the M/V ADAMASTOS and M/V VIGOROUS for a five-year period. Clearly, the Subpoena is overbroad and not "specifically tailored for discoverable information."

Indeed, the Subpoena seeks claims files which have absolutely no relevance to the claims in the Oregon Proceeding. For example, as noted in the American Club's moving papers, one claim file involves the death of a crew member of the M/V ADAMASTOS who had a heart attack, another claims file involves the survey of steel and another involves a crew member who contracted malaria. [Moore Decl. at ¶¶ 14, 15] It is unreasonable to require the American Club to expend the substantial time and resources necessary to retrieve, review and produce these files from its offices throughout the world.

# POINT III

## THE SUBPOENA FAILS TO ALLOW
## A REASONABLE TIME TO COMPLY

As set forth in the American Club Memorandum, the reasonableness of the time to respond to a subpoena depends on the materials requested and the particular circumstances of the matter. Here, the 14 days provided to respond to the Subpoena was unreasonable because of the extremely broad scope of the subpoena, the worldwide location of the documents sought, the need to review the thousands of documents for privileged information and the fact that 5 of the 14 days were weekend days and holidays and 2 of the remaining 9 days were Christmas Eve and New Year's Eve.

Finally, this Court should reject Pacific's ironic and baseless claim that the American Club is attempting to delay the Oregon Proceeding and, thereby preventing the cargo from reaching Yemen.[1] Pacific is not seeking documents from the American Club in order to facilitate release of the vessel from arrest. Rather, they seek the documents in an attempt to justify their seizure of the vessel and to further delay its voyage. As a result, Pacific is in no position to claim harm as a result of delay.

---

[1] Pacific makes the unsupported allegation that the American Club played an active role regarding the non-payment of the Arbitration Award and the refusal to post security. This baseless allegation reveals a lack of understanding of the nature of Protection & Indemnity and Freight Demurrage & Defense insurance, is nothing more than a blatant attempt to falsely cast the American Club in a negative light and is totally irrelevant to the issues before the Court.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the American Club's moving papers, the American Club's motion to quash Pacific's Subpoena should be granted, Pacific's cross-motion to compel should be denied and the American Club should be granted such further and different relief as is just and proper.

Dated: New York, New York
January 14, 2019

BROWN GAVALAS & FROMM LLP
Attorneys for Movant
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.

/s/ David H. Fromm
David H. Fromm (DF-9334)
Michael P. Naughton (MN-6870)
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946
Email: dfromm@browngavalas.com
mpn@browngavalas.com